UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HULITT SHERRARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV1444 RLW |
| | ) | |
| THE BOEING COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (ECF No. 8). The motion is fully briefed and ready for disposition. For the reasons set forth below, the Court will grant Plaintiff's motion.

## Background

Plaintiff filed a Petition for Damages Based on Violation of the Missouri Human Rights Act ("MHRA") in the Circuit Court of St. Louis County, Missouri on April 13, 2017. (Pet., ECF No. 4) Plaintiff alleges that Defendant The Boeing Company ("Boeing"), Hiring Manager 1, and Hiring Manager 2 retaliated against Plaintiff for filing a prior charge of discrimination and lawsuit by refusing to hire him for two positions, despite Plaintiff's qualifications. (*Id.* at ¶¶ 15-26)

Defendant removed the case to federal court on May 4, 2017, invoking this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Notice of Removal, ECF No. 1) Defendant asserts that the Court has diversity jurisdiction because Plaintiff is a citizen of Missouri, and Defendant is a corporation incorporated in the State of Delaware with its principal place of business in Chicago, Illinois. (*Id.* at ¶¶ 4-6) Further, Defendant contends that

Defendants Hiring Manager 1 and Hiring Manager 2, which Plaintiff alleges are Missouri residents, are sued under fictitious names and must be disregarded. (*Id.* at ¶¶ 7-10) Finally, Defendant argues that the damages sought by Plaintiff are greater than $75,000. (*Id.* at ¶¶ 11-16)

On June 5, 2017, the Plaintiff filed a Motion to Remand, asserting that the statute does not exclude the citizenship of the two Hiring Managers because the allegations in the Petition specify that these Hiring Managers made the decision to reject Plaintiff's applications, and they are citizens of Missouri. Further, Plaintiff contends that Boeing has failed to meet its burden of proving that the amount in controversy exceeds $75,000. Thus, Plaintiff argues that federal diversity jurisdiction is absent in this cause of action such that the case should be remanded to the Circuit Court of St. Louis County.

## Discussion

In removal cases, the Court reviews the state court petition and the notice of removal in order to determine whether it has jurisdiction. *Branch v. Wheaton Van Lines, Inc.*, No. 4:14-CV-01735, 2014 WL 6461372, at *1 (E.D. Mo. Nov. 17, 2014). Diversity jurisdiction exists where a civil action is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Defendant has the burden of proving that the prerequisites to jurisdiction are satisfied. *Branch*, 2014 WL 6461372, at *1. "A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction." *Hrastich v. Advance Auto Parts, Inc.*, No. 4:14-CV-22-JAR, 2014 WL 3341121, at *1 (E.D. Mo. July 8, 2014) (citing 28 U.S.C. § 1447(c)).

"To meet its burden with regard to the jurisdictional amount, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.* at *2 (citations omitted). "Removal statutes are strictly construed and all doubts about the

propriety of removal must be resolved in favor of remand." *Jackson v. Fitness Resource Grp., Inc.*, No. 4:12 CV 986 DDN, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012) (citations omitted).

In removal cases, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the initial pleading seeks a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii). Where, as here, "the state court petition seeks an unspecified amount of damages, the court must make a factual inquiry into the amount-in-controversy issue." *Jackson*, 2012 WL 2873668, at *2 (citations omitted).

In the Motion to Remand and Reply Memorandum, Plaintiff argues that Defendant has failed to show by a preponderance of evidence that the amount in controversy exceeds $75,000. While Boeing contends that the amount in actual damages for lost wages and benefits is at least $80,000, Plaintiff asserts that the lost wages would be reduced by wages he received during the relevant timeframe, in this case in excess of $34,000. However, Defendant points to other amounts such as attorney's fees that are statutorily awarded to the prevailing party under the MHRA; lost benefits; damages for emotional distress and humiliation; and punitive damages. The Petition's prayer for relief requests actual damages in a "fair and reasonable" sum, along with punitive damages, interest, costs, and attorney's fees. (Pet. p. 5, ECF No. 4)

The Court finds that Defendant has not met its burden of showing that the amount in controversy exceeds $75,000 such that diversity jurisdiction does not exist. First, although Plaintiff requests actual damages, punitive damages, and attorney's fees, Plaintiff correctly notes that back pay is calculated based on the difference between the value of the compensation he

3

would have been entitled to and the wages he earned during the relevant period. *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396 (8th Cir. 2011) (citation omitted). Here, Boeing's assertion that Plaintiff's Petition alleges actual damages in lost wages and benefits of at least $80,000 is speculative and fails to take into account Plaintiff's earnings during the relevant period. The Court finds that the amount of actual damages would be less than the requisite jurisdictional amount.

Defendant's argument that Plaintiff's claims for punitive damages and attorney's fees push the amount in controversy over the jurisdictional threshold is equally unavailing. Defendant offers nothing but speculation and unsupported allegations that, because the MHRA provides for punitive damages and attorney's fees to the prevailing party, the total amount of damages would exceed $75,000. "Having the Court presume that this case involves potential damages exceeding $75,000.00 without offering one shred of evidence regarding potential damages would be nothing more than speculation on the part of defendant (and the Court). *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). Such speculation is insufficient to meet the defendant's burden of proof under the preponderance of the evidence standard. *Id.* Defendant's bald assertions that that the nature of the relief sought is sufficient to satisfy the amount in controversy requirement fails to provide the Court with sufficient facts or evidence. *Id.* (remanding case for failure to prove the requisite federal jurisdictional amount where defendant merely alleged, "'given the seriousness of Plaintiff's allegations and nature of the relief sought (including, among other things damages for emotional distress, lost wages, front pay, back pay, and lost employment benefits)[.]'").

Therefore, the Court finds that the jurisdictional amount has not been met in this case, and the Court will remand the case to the Circuit Court of St. Louis County. Because the amount

in controversy is not satisfied under 28 U.S.C. § 1332(a), the Court will not address Defendant's arguments regarding removal based on diversity of citizenship under 28 U.S.C. § 1441(b)(1).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Twenty-First Judicial Circuit Court, St. Louis County, State of Missouri, from which it was removed. An Order of Remand accompanies this Order.

Dated this 12th day of July, 2016.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Ronnie L. White
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**RONNIE L. WHITE**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**